United States District Court
District of Connecticut
FILED AT          BRIDGEPORT
2-19    2004
Kevin F. Rowe, Clerk
By
Deputy Clerk

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARIA FLORES** | : **CIV NO 3:02CV01970 (WWE)** |
| | : |
| **v.** | : |
| | : |
| **OFFICER MARK STRAUBEL and** | : **FEBRUARY 17, 2004** |
| **OFFICER RAYMOND LONG** | : |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants move for summary judgment in accordance with Rule 56(c), alleging, *inter alia*, the plaintiff's excessive force claim is not supported by the facts, or in the alternative, the force used was objectively reasonable. Moreover, the defendants argue that plaintiff's claims cannot support a finding of Assault and Battery or Intentional Infliction of Emotional Distress. For the reasons set forth below, defendants' motion should be denied.

**INTRODUCTION**

Plaintiff, Maria Flores, brought this §1983 action against Officers Straubel and Long, members of the Bridgeport Police Department. The events that gave rise to plaintiff's complaint occurred during the late afternoon hours of November 20, 1999. Exhibit A, Straubel depo, pp 17. The plaintiff was operating a rental vehicle on Ridge Avenue at Columbia Street in Bridgeport when her tires allegedly squealed as she exited the Marina Village Market. Id. Present in the car was plaintiff's minor child and her babysitter. This alleged motor vehicle infraction gave rise to a motor vehicle stop that resulted in plaintiff's arrest for, *inter alia*, Attempted Assault on a Peace Officer, Reckless Driving, Risk of Injury to a Minor, and Interfering With an Officer. Exhibit B, Id. at 28-29.

The resulting encounter left plaintiff with numerous bruises on her head and an injury behind her left ear that required stitches to close. *See* Medical report (defendants' Exhibit X)

**STANDARD OF REVIEW**

In evaluating the defendants' motion for summary judgment, including their claim of qualified immunity, the court must construe all facts and draw all reasonable inferences in the plaintiff's favor. *See* Poe v. Leonard, 282 F.2d 123, 126 (2d Cir.2002). In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir.2002). The burden of showing that no genuine factual dispute exists rests upon the moving party. Marvel Characters Inc., 310 F.3d at 286. Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 256, and present such evidence that would allow

a jury to find in his favor. <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. <u>Anderson</u>, 477 U.S. at 255; <u>Lucente v. Int'l Business Machines Corp.</u>, 310 F.3d 243, 253 (2d Cir.2002). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." <u>Lucente</u>, 310 F.3d at 254. Disputed facts that are not material to the issues in the case may not defeat summary judgment. <u>Hemphill v. Schott</u>, 141 F.3d 412, 416 (2d Cir.1998). See also <u>Anderson</u>, 477 U.S. at 247-48 (the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact").

**Excessive Force Claim**

The defendants seek summary judgment on Plaintiff's excessive force claim arguing that the force used was only that amount necessary to subdue plaintiff and effectuate her arrest. In the instant case, the plaintiff testified that defendant Long "whacked her on the side of the head." <u>Exhibit C, Plaintiff's depo. pg. 20</u>. Moreover, plaintiff describes the contact with the defendants as follows:

> Q.    Now, when they came up to your car and the officer, you said, reached in and grabbed the keys and then pulled you, tell me what happened next.
>
> A.    When he opened the door and reached his body into the car to get the keys out, he came and yanked me up out of the car on my arm. And then from there, as I'm out of the car, he came and cuffed my right arm. Then he

came and slammed me on the ground. Then I got

whacked on the other side....

   After that, he picks (sic) me up from the floor by my hair

and my pants when I get maced by the other officer.

Exhibit D, Flores depo, pg 80.

The plaintiff also testified that when she was removed from her vehicle

she was struck on the side of her head with a black object that felt "like a gun

or nightstick." Exhibit E, Flores depo. pg. 116.

The court must consider, based upon the controverted testimony,

whether the forced used by defendants to effectuate plaintiff's arrest, was

reasonable.  The "threshold question" of whether the facts, taken in the light

most favorable to the plaintiff, show that the officer's conduct violated a

constitutional right. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150

L.Ed.2d 272 (2001). If the conduct did violate such a right, then the court must

consider whether that right was clearly established at the time of the violation, or whether the officer's conduct was objectively reasonable. Id. at 205.

## THE FORCE UTILIZED BY THE DEFENDANTS WAS EXCESSIVE

"[W]hen ... the excessive force claims arise in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). See also Tennessee v. Garner, 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment).

Determining whether the force used to affect a particular seizure is "reasonable" under the Fourth Amendment requires a "careful balancing of the nature and quality of the individual's Fourth Amendment interest against the countervailing governmental interests at stake." Graham, 490 U.S. at 396.

Reasonableness is judged from the perspective of a "reasonable officer on the scene," not in hindsight. Id. It depends on factors specific to each particular case, like (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. Id. at 397. In the circumstances of this case, which involves whether an officer used excessive force in effectuating an arrest, the "immediate threat" criterion controls the court's evaluation. Salim v. Proulx, 93 F.3d 86, 91 (2d Cir.1996).

In the instant case, the defendants argue they were patrolling in a high crime area, plagued with drugs and violence. Def brief pg 2. The defendants observed plaintiff commit a traffic infraction, effectuated a motor vehicle stop, and ordered plaintiff out of her car. Def. brief pp 2-3. The resulting incident left plaintiff with a black eye, numerous cuts and bruises, and a laceration to the back of her head. There is nothing in the record to establish the defendants had any particularized suspicion that the plaintiff was involved in

drug activity or had committed a crime of violence.   Dragging the plaintiff out of her car, slamming her on the ground, and striking her in the back of the head is not a reasonable use of force.  The testimony of defendant Straubel and plaintiff could not be more different. The factual issues as plaintiff them, if credited by a jury, amply would support a jury finding of a constitutional violation.

## THE DEFENDANTS ARE NOT ENTITLED TO THE SHIELD OF QUALIFIED IMMUNITY

A government official sued in his individual capacity is entitled to qualified immunity for a constitutional violation if the constitutional right in question was not "clearly established" at the time of the conduct, or if the official's action was objectively reasonable. See Saucier, 533 U.S. at 201; X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 65-66 (2d Cir.1999). The question is "what a reasonable person in the defendant's position should know about the constitutionality of the conduct." McCullough v. Wyandanch Union Free Sch.

Dist., 187 F.3d 272, 278 (2d Cir.1999) (citation omitted). In other words, "the unlawfulness [of the conduct] must be apparent" before the court will deny an officer's qualified immunity defense. Id.

"The right to be free from 'excessively forceful handcuffing' is a clearly established right for qualified immunity purposes." Burchett v. Kiefer, 310 F.3d 937, 945 (6th Cir.2002) (citing Kostrzewa v. City of Troy, 247 F.3d 633 (6th Cir.2001) (using handcuffs that were too small for non- violent, non-resisting arrestee's wrists)). This has long been the law in this circuit. See, e.g., Robinson v. Via, 821 F.2d 913, 925 (2d Cir.1987) (finding plaintiff's statement that officer pushed plaintiff against the inside of the door of her car, "yanked" her out, "threw [her] up against the fender," and "twisted [her] arm behind [her] back," causing plaintiff to suffer bruises lasting a "couple weeks" sufficient to preclude summary judgment). It was also established that a "poke and push" during a traffic stop could be actionable. Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir.1997).

"[T]he objective reasonableness of a given amount of force depends on the circumstances." <u>Mickle v. Morin</u>, 297 F.3d 114, 122 (2d Cir.2002). Under the facts as alleged by the plaintiff, reasonable officers would and could disagree about the appropriateness of the defendants' conduct.  Two police officers forcible removing a female of small stature from her automobile, hurling her to the ground, striking her in the head and spraying her with pepper spray is not reasonable and precludes summary judgment on the basis of qualified immunity. *See* <u>Robinson</u>, 821 F.2d at 925.

**PLAINTIFF HAS STATED A VALID CAUSE OF ACTION FOR ASSAULT AND BATTERY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The defendants argue that they are entitled to summary judgment with respect to the plaintiff's claims of assault and battery and intentional infliction of emotional distress. This court should conclude that disputed issues of material fact preclude judgment as a matter of law regarding the

reasonableness of the force used by the defendants while they were restraining plaintiff.

Finally, the defendants argue, with regard to the intentional infliction of emotional distress claim, that the defendants' alleged conduct would not satisfy the "extreme and outrageous" prong under Connecticut law because the officers acted reasonably. The plaintiff testified however that she was thrown to the ground, hit on the back of the head, and pepper sprayed while she was out of her vehicle. Based upon this testimony, the court cannot conclude as a matter of law that the officers' conduct did not exceed all bounds usually tolerated by decent society. *See* DeLaurentis v. New Haven, 220 Conn. 225, 267, 597 A.2d 807 (1991). Therefore, the court should deny summary judgment on these grounds as well.

**CONCLUSION**

For all the reasons discussed above, the defendants' Motion for Summary Judgment is should be denied in its entirety.

THE PLAINTIFF

BY _____
E. GREGORY CERRITELLI
Federal Bar No.ct20784
7 Elm St., Suite 2L
New Haven, CT 06510

## CERTIFICATION OF SERVICE

This certifies that a copy of the foregoing was mailed this 17th day of February, 2004 to the following:

Barbara Massaro
Assistant Corporation Counsel
City of Bridgeport
999 Broad Street, 2nd floor
Bridgeport, CT 06604

_____
E. Gregory Cerritelli

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x
                                 :
MARIA FLORES,
                                 :
                    Plaintiff,
                                 :   Civil Action
            vs.                      3:02CV01970 (WWE)
                                 :
OFFICER STRAUBEL and
OFFICER LONG,                    :

                    Defendants.  :

- - - - - - - - - - - - - - - - x


            Deposition of SERGEANT MARK J. STRAUBEL,

        taken pursuant to the Federal Rules of Civil

        Procedure, at the law offices of Knight,

        Conway & Cerritelli, LLC, 7-9 Elm Street, New

        Haven, Connecticut, before Dawn DeNardis, a

        Notary Public in and for the State of

        Connecticut, on Tuesday, June 10, 2003, at

        3:16 p.m.

1    your police radio on your duty belt November 20th,

2    1999?

3         A.    I did, sir.

4         Q.    Sergeant, can you please describe for me the

5    initial contact that you had with Maria Flores.

6         A.    Yes.  My partner Officer Raymond Long and I

7    were patrolling the area in and around Marina Village.

8    We were driving south on Columbia Street when we

9    observed a gold large Crown Victoria/Lincoln Town Car,

10    one of the two type vehicles, pull off the curb in

11    front of the Marina Village Market which is located on

12    Columbia Street.

13         The vehicle quickly had pulled off the curb.

14    It quickly then accelerated and reversed up onto the

15    sidewalk causing the tires to spin, then hit --

16    immediately shifted in to drive, I imagine, and came

17    forward at a high rate of speed toward our police car

18    stopping several inches from the bumper.

19         Q.    And is that what drew your attention to

20    Ms. Flores?

21         A.    Yes.

22         Q.    You were traveling on Columbia Street,

23    correct?

24         A.    Columbia Street, that is correct.

25         Q.    And did Ms. Flores's vehicle -- strike that.

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

COPY

- - - - - - - - - - - - - - - x
                                :
MARIA FLORES,
                                :
            Plaintiff,
                                :   Civil Action
      vs.                           3:02CV01970 (WWE)
                                :
OFFICER STRAUBEL and
OFFICER LONG,
                                :
            Defendants.   :

- - - - - - - - - - - - - - - x

          Deposition of SERGEANT MARK J. STRAUBEL,

     taken pursuant to the Federal Rules of Civil

     Procedure, at the law offices of Knight,

     Conway & Cerritelli, LLC, 7-9 Elm Street, New

     Haven, Connecticut, before Dawn DeNardis, a

     Notary Public in and for the State of

     Connecticut, on Tuesday, June 10, 2003, at

     3:16 p.m.

SCRIBES, INC.

1    the police vehicle they still attempted to come closer

2    but were ordered back as the scene was secured.

3    Responding Officer M. Straubel spoke with them

4    apologizing for his apparent roughness"; what do you

5    mean by that, Officer?

6         A.   I've tried hard throughout the course of my

7    career to establish good relationships with the members

8    or residents of the housing project.  My demeanor to

9    step back may have seemed rough at first.  For my own

10   safety I spoke in a very authoritative voice and as

11   part of being a police officer I thought it best to

12   explain my actions to them, that it is not safe to

13   approach a police officer who has struggled with a

14   suspect and still who has a combative suspect in their

15   custody to come near him.  It endangers both my safety

16   and theirs.

17        Q.   And Ms. Flores was charged with certain

18   offenses as a result of this incident.  Last page of

19   the police report she was charged with risk of injury

20   to a minor.  Was that your decision to charge her with

21   risk of injury?

22        A.   Yes, it was.

23        Q.   And what conduct did Ms. Flores engage in

24   that caused you to charge her with risk of injury to a

25   minor?

1        A.    Ms. Flores had had a child.  It was a

2   two-prong decision that was made to charge her with

3   this; she had driven recklessly with a minor in the

4   vehicle seated in the rear seat.  She had further

5   decided to attack a police officer within the confines

6   of the vehicle which could have subjected her -- the

7   child -- her child to injury, either injury through my

8   actions or through Ms. Flores's actions.

9        Q.    Anything else?

10       A.    That was it.

11       Q.    What about the interfering with an officer,

12   whose decision was it to charge her with that?

13       A.    That was Officer Long's and my decision.

14       Q.    And what conduct did Ms. Flores engage in to

15   cause you to charge her with interfering?

16       A.    Ms. Flores failed to follow any verbal

17   commands, step out of the vehicle.  Ms. Flores, when

18   she was advised she was under arrest and was about to

19   be taken in to custody she began to struggle, to resist

20   arrest while constituting an interfering charge.

21       Q.    And the criminal attempt to assault a police

22   officer, whose decision was it to charge her with that?

23       A.    It was my decision and I had also discussed

24   it with Sergeant Belco who was in booking at the time.

25       Q.    And what conduct did Ms. Flores allegedly

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



---

MARIA FLORES

            Plaintiff(s)    X    CIVIL CASE NO.
                                3:02CV01970(WWE)


          -vs-            X

OFFICER MARK STRAUBEL AND
OFFICER RAYMOND LONG
                        X    FEBRUARY 11, 2003
           Defendant(s)

---

## DEPOSITION OF MARIA FLORES


Pretrial deposition taken in the above-entitled action

on behalf of the defendant(s), before Dawn C. Cuff,

Lic. No. 00142, a Notary Public, pursuant to the

Practice Book Civil Rules of Procedure, at the Office

of the City Attorney, 99 Broad Street, Bridgeport,

Connecticut.

FLORES - DIRECT - MASSARO                    20

1

2      A    Yes.

3      Q    Do you remember their names?

4      A    Officer Straubel and Officer Mark Long.

5      Q    Can you tell me, if you recall, what did

6  each of those officers look like?  Can you give me a

7  description of them?

8      A    They're American.  I believe their size may

9  be like 5'6", 5'7" height, like maybe 180, 190 pounds.

10     Q    Let's do each one.  Describe for me Officer

11 Long.

12     A    Officer Long.  American.  I'm trying to

13 think.  Like maybe 5'6", 160, 180  pounds.

14     Q    What about hair color?

15     A    I didn't notice.

16     Q    Did he have any facial hair?

17     A    I didn't notice.

18     Q    What is it that you allege that Officer Long

19 did during the course of this arrest?  What did

20 Officer Long do?  What was his part in the arrest?

21     A    He whacked me on the side of the head.

22     Q    So Officer Long hit you.  Is that what

23 you're claiming?

24     A    Yes.

25     Q    Before Officer Long hit you, as you said,

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



_____

MARIA FLORES

              Plaintiff(s)    X    CIVIL CASE NO.
                                    3:02CV01970(WWE)


        -vs-               X

OFFICER MARK STRAUBEL AND
OFFICER RAYMOND LONG
                         X    FEBRUARY 11, 2003
              Defendant(s)

_____

DEPOSITION OF MARIA FLORES


Pretrial deposition taken in the above-entitled action

on behalf of the defendant(s), before Dawn C. Cuff,

Lic. No. 00142, a Notary Public, pursuant to the

Practice Book Civil Rules of Procedure, at the Office

of the City Attorney, 99 Broad Street, Bridgeport,

Connecticut.

FLORES - DIRECT - MASSARO                    80

1

2      Q      And the car that you were driving was a

3      rental car; is that true?

4      A      Yes.

5      Q      So it wasn't a car that would have been

6      parked in that particular area where you would park

7      around Marina Village where they would know the car,

8      was it?

9      A      No.

10     Q      Now, when they came up to your car and the

11     officer, you said, reached in and grabbed the keys and

12     then pulled you, tell me what happened next.

13     A      When he opened the door and reached his body

14     into the car to get the keys out, he came and yanked

15     me up out of the car on my arm.  And then from there,

16     as I'm out the car, he came and cuffed my right arm.

17     Then he came and slammed me on the ground.  Then I got

18     whacked on the other side.  He was putting the other

19     cuff on my left arm.

20             After that, he picks me up from the floor by

21     my hair and my pants when I get maced by the other

22     officer.

23     Q      Let's take one thing at a time.  How much

24     time do you think passed from the time that you got

25     pulled out of the car until you were placed on the

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



_____

MARIA FLORES
                 X    CIVIL CASE NO.
        Plaintiff(s)      3:02CV01970(WWE)


     -vs-             X

OFFICER MARK STRAUBEL AND
OFFICER RAYMOND LONG
                 X    FEBRUARY 11, 2003
        Defendant(s)

_____



DEPOSITION OF MARIA FLORES


Pretrial deposition taken in the above-entitled action

on behalf of the defendant(s), before Dawn C. Cuff,

Lic. No. 00142, a Notary Public, pursuant to the

Practice Book Civil Rules of Procedure, at the Office

of the City Attorney, 99 Broad Street, Bridgeport,

Connecticut.

FLORES - DIRECT - MASSARO                116

2    little smaller.  These were gifts so they look big.

3        Q    Hoop earrings?

4        A    Yes.

5        Q    And you had hoop earrings on on this day?

6        A    Not hoop.  Just regular earrings.  Like

7    these but a little smaller.

8        Q    A smaller hoop kind of earring?

9        A    Yeah.

10       Q    That kind of hangs down is what I'm trying

11   to at?

12       A    Right.

13       Q    You indicated that, at some point when you

14   were on the ground, you thought you felt something on

15   the side of your head.

16       A    I got whacked on the side of my head.

17       Q    Can you tell me specifically what it was

18   that you felt?

19       A    I don't know if it was a like a gun or

20   nightstick.  It was like a black object.  What it was?

21   I couldn't see.

22       Q    I'm not asking whether you saw it.  I'm

23   asking what you felt.

24       A    What I felt?  I was a little drowsy, see

25   stars.

COMPUTER REPORTING SERVICE - (203) 234-1144