FILED

2004 DEC -9  A 10: 34

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIA FLORES                    :
                                :
            Plaintiff,          :       CIV. NO. 3:02CV01970 (WWE)
                                :
    vs.                         :
                                :
OFFICER MARK STRAUBEL AND       :
OFFICER RAYMOND LONG            :
                                :
            Defendants          :       DECEMBER 8, 2004

## DEFENDANTS' REQUEST TO CHARGE

<u>INSTRUCTION #1</u>

## SUBSTANTIVE CHARGE

In this case, the plaintiff claims that the defendants deprived her of rights secured by the Constitution of the United States. Specifically, under the constitutional claim the plaintiff brings it under a section of federal law known as the Civil Rights Act, which provides that:

> [e]very person who, under color of any statute of any state...subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured...

BMF04184                              1

<u>INSTRUCTION #2</u>

<u>**ESSENTIAL ELEMENTS**</u>

The plaintiff has the burden of establishing, by a preponderance of the evidence, the essential elements of each of her claims. In this suit she must prove as to the civil rights allegations that the defendants (1) acted under color of state law, (2) that the defendants' acts and conduct deprived her of certain rights secured by the Constitution of the United States, (3) that any damages were proximately caused by such acts or conduct and (4) the damages, if any, that she may be entitled to receive.

But as to the first element, that the defendants acted under so-called color of authority of the State, the defendants concede that they were acting under color of State Law. So that element is not disputed. The issue as to this claim is whether the defendants violated any of the plaintiff's civil rights and were any acts of the defendants the proximate cause of the plaintiff's injuries.

Some of you have probably heard of negligence cases. A negligence case is a lawsuit in which it is claimed that somebody failed to act with reasonable care. This is not a negligence case, not with respect to the civil rights claims. I instruct you that, to establish a violation of civil rights under §1983, a plaintiff must prove to you by a fair preponderance of the evidence that the defendant acted intentionally or recklessly. He need not have intentionally set out to violate someone's civil rights. That a person had no specific intent or purpose to deprive another of her civil rights will not excuse him

BMF04184

from liability if those acts did in fact deprive a plaintiff of those rights.[1] But his acts must be intentional or reckless. If a plaintiff has proven by a fair preponderance of evidence that the acts of the defendant was merely negligent -- that is, careless -- even if you find that a plaintiff was injured as a result of those acts, you must find that here was no violation of civil rights.[2]

---

[1] ***Donald v. Wilson***, 847 F.2d 1191 (6th Cir. 1988); plaintiff's amended request to charge, February 7, 1996, #2, p. 2.

[2] Modern Federal Jury Instructions - Civil, Instruction 87-75

INSTRUCTION #3

## STATE OF MIND: INTENTIONAL OR RECKLESS

An act is intentional if it is done knowingly, or, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its own probable consequences. Recklessly means with indifference to consequences. For example, if a person says something about another person without knowing whether it is true or not, or says it without regard to its truth or falsity or its probable consequences, he may be found to have spoken recklessly.

In determining whether a defendant acted with required intention or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or doesn't do, there is no way of looking into a person's mind nor his intent. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[3] But simply because a witness has testified that a certain thing did or did not happen, you may not, simply by disbelieving that witness, conclude that the opposite of what he said is true.

---

[3] 4 Modern Federal Jury Instructions - Civil, Instructions 87-76, 87-77.

INSTRUCTION #4

## STATE OF MIND: NEGLIGENCE

If you find that the act of a defendant was merely negligent, then even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for that defendant as to that civil rights claim. An act is negligent if the defendant was under a duty or obligation that required the defendant to adhere to a certain standard of conduct to protect others against unreasonable risks, and the defendant breached that duty or obligation.

BMF04184

INSTRUCTION #5

## PROXIMATE CAUSE

In order for the plaintiff to prevail on her claims, there must be a showing by a preponderance of the evidence that the defendants' conduct, if found to be unconstitutional, was a proximate cause of the plaintiff's injuries. An act is a proximate cause of a particular result, if it was the actual cause, that is, it is a substantial factor in bringing about that particular result.[4] An occurrence is proximately caused by, or is the direct consequence of, acts which in their natural and continuous sequence, unbroken by a new, independent cause, produced or brought about such occurrences. If an act is of no consequence, or is so trivial as to be a mere incident of the ensuing occurrence, then the act would not have been a substantial factor productive of the occurrence and not a proximate cause.

If the defendants' acts were a substantial factor in bringing about the plaintiff's injuries, and the injuries were a direct consequence of defendants' acts in his natural and continuous sequence, unbroken by a new, independent cause or causes, then such defendants' acts would have been a proximate cause of the

---

[4] ***Doe v. Manheimer***,   212 Conn. 748 at 757 (1989).

arrest. If the defendants were not a substantial factor in bringing about plaintiff's injuries, that is, if the injuries were not a direct consequence of defendants' acts in his natural and continuous sequences, unbroken by a new, independent cause or causes, then such defendants' acts in their natural and continuous sequence, unbroken by a new independent cause or causes, then such defendant's acts would not have been a proximate cause of the plaintiff's claim of excessive force.

BMF04184

INSTRUCTION #6

## EXCESSIVE FORCE

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable force while being arrested.  In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the arrest.

The plaintiff alleges that the defendants used excessive force and that, as a result, the plaintiff was injured.  The defendants deny that the force they used was excessive force under the circumstances.  You must determine whether or not the defendants acted as the plaintiff claims and did so intentionally or recklessly.  If you find that they did act as the plaintiff claims, you must decide whether the force used was reasonable.  Whether or not a police officer is justified in using force to detain a person or to secure a person's arrest or to defend himself or others or take a person into custody, and how much force that officer was justified in using, is determined by the Fourth Amendment standard of "reasonableness."  A law enforcement official may use such force as is necessary under the circumstances to effect an arrest or defend himself or another from physical injury or harm.  To determine whether excessive force was used, you must determine whether the amount of force used was that which a

reasonable officer would have employed under the circumstances shown from the evidence in this case.[5]

United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution.  In order to prove that a defendant used excessive force in violation of the Fourth Amendment, the plaintiff must prove by a preponderance of the evidence:

1.    some harm, that

2.    resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3.    objectively unreasonable in light of the facts and circumstances at the time.

If the plaintiff fails to prove any one of these elements, you must find for the defendants.

The unreasonableness of the force properly used must be judged objectively, from the perspective of a reasonable officer on the scene, not with all the knowledge of hindsight.  Not every use of force or conduct, whatever the case may be, even if it may later seem unnecessary in the relative peace of the courtroom, violates the law.

---

[5] ***Graham v. O'Connor***, 490 U.S. 386, 109 S.CT. 1865, 104 L.Ed.2d 443 (1989); 4 Modern Federal Jury Instructions - Civil, Instruction 87-74C; 3 Debitt, Blackmar & Wolf, Federal Jury Practice and Instructions - Civil, § 103.08 (1994 Pocket Part).

Whether excessive force was used depends on whether the officer's actions were "objectively reasonable" in light of the circumstances with which they were confronted. Because the test of reasonableness is not capable of precise definition or mechanical application, however, you must pay careful attention to the facts and circumstances of this particular case. Circumstances which you should consider in determining whether the amount of force used was objectively reasonable include:

1.      Whether a plaintiff was actively resisting at the time or was attempting to evade arrest by flight. Outside of one's home, a person is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or illegal.

Not every push or pull or shove, even if it may seem unnecessary in the peace of the courtroom, violates the Constitution.

You should also consider that police officers are often required to make split second judgments -- in circumstances that are tense, uncertain, and rapidly involving.[6] 20/20 hindsight is not the appropriate lens through which to view the police officers' acts. You do not have to determine whether the Defendants had less intrusive alternatives available,  for the Defendants need only have acted within that range of conduct identified as reasonable.

---

[6] **_Martin v. Gentile_**, 849 F.2d 863 (4th Cir. 1988);  **_Lennon v. Miller_**, 66 F.3d 416, 420 (2nd Cir. 1995)

Only if you find from the evidence that a defendant used more force against a plaintiff than would have appeared to a reasonable police officer in the same circumstances to have been necessary in order to accomplish the lawful purpose intended; then you may find that defendant to have used excessive force against a plaintiff contrary to the Fourth Amendment.  If a plaintiff has failed to prove by a fair preponderance of the evidence that what the officer did constituted excessive force, that is more than a reasonable police office in similar circumstances would have deemed necessary, then you must find for the defendant.

INSTRUCTION #7

## CONSPIRACY

The plaintiff contends that each of the defendants engaged in a conspiracy to violate his civil rights. Her claim is based upon the contention that the officers stood by while some were using excessive force. In this regard, you must first determine that some of the officers used excessive force in subduing and arresting the plaintiff. If there is no excessive force, there is no conspiracy.

In order for the plaintiff to prevail on his claim that the officers engaged in a conspiracy, she must show that there was some conspiracy. That is, agreement which was made for the purpose of depriving a person or class of persons of equal protection of the laws, or the equal privileges and immunities under the law and an overt, specific act in furtherance of the conspiracy in which there was an injury to the plaintiff's person, property or deprivation of a right or privilege of a citizen of the United States. _Traggis v. St. Barbara's Orthodox Church_, 851 F.2d 584 (2nd Cir. 1988); _Griffin v. Breckenridge_, 403 U.S. 88 (1970). Additionally, the plaintiff must demonstrate that any acts were motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind his actions. _Mian v. Donaldson, Lufkin and Jennettee Sic Corp._, 7 F3d 1085 (2nd Cir. 1993); _Herman v. Moore_, 576 F.2d 453 (2nd Cir. 1978).

The plaintiff must show as to each defendant specific acts of participation in the conspiracy.  If the plaintiff's claim is simply an allegation, without supporting facts, you must find for the defendants on this claim. _Thornton v. City of Albany_, 831 F. Supp. 970 (N.D. N.Y. 1993).

INSTRUCTION #8

## DEFENSE OF QUALIFIED IMMUNITY

Even if you find that a defendant did deprive a plaintiff of his constitutional rights, that defendant still may not be liable to the plaintiff because in this case, the defendants have raised a defense of qualified immunity. If you find from the evidence that reasonable police officers could have acted the same as the Defendants under the same or similar circumstances, and that they believed their acts to be lawful, then these officers have prevailed on their affirmative defense and you should return a verdict in their favor on this claim.[7]  Great deference is given to police officers faced with moments of potential peril to the extent that the officers are entitled to immunity even if "officers of reasonable competence could disagree" on the legality of the Defendants' actions.[8]  However, keep in mind that the burden of proof as to this defense, at all times, rests with the defendant.[9]  If you find that the defendant is entitled to qualified immunity, that defendant is not liable even though you find he may have committed a violation of civil rights.

---

[7] ***Ansley v. Heinrich***, 925 F.2d 1339 (11th Cir. 1991)
[8] ***Malley v. Briggs***, 475 U.S. 335 at 341 (1986);  ***Golino v. City of New Haven***, 950 F.2d 864, 870 (2nd Cir. 1991) cert. denied 112 S. Ct. 3032 (1992).
[9] ***Finnegan***, 915 F.2d 817, 821, 822.

BMF04184

INSTRUCTION #9

## ASSAULT AND BATTERY

The plaintiff claims that the defendants committed an assault and battery against her on November 20, 1999. The defendants deny any assault and battery.

An assault is any attempt with the use of unlawful force or violence to another person, coupled with the present ability to complete the act. A battery is a completed assault. An assault can be committed intentionally or under circumstances showing a reckless disregard of the consequences.

One who makes a legal arrest has the right to use as much force as he reasonably believes necessary in order to make the arrest. An officer is justified in using physical force during an arrest, when and to the extent that he reasonably believes it necessary, to effect an arrest of a person whom he reasonably believes to have committed an offense or to defend himself or a third person from the use or imminent use of physical force while attempting to effect that arrest. An individual is not justified in using physical force to resist an arrest by a reasonably identifiable police officer, whether such arrest is legal or illegal.

BMF04184

INSTRUCTION #10

## DAMAGES: GENERALLY

In this case, the plaintiff seeks to recover money damages for her alleged injuries. You should not consider the question of damages unless you first determined a defendant is liable or is not immune from liability.

## DAMAGES

In the event you do come to the conclusion that the rights of the plaintiff were violated, and that the defendant acted so as to cause such a violation, then plaintiff would be entitled to recover such damages as she proves by a fair preponderance of the evidence, to have been proximately cause by one or more acts which you find violated the rights of the plaintiff.

A defendant whom you find, under the instructions previously given, to have acted so as to deprive the plaintiff of one or more of this constitutional or common law rights is only liable for such damages as are proven to have been proximately caused by the acts committed in violation of plaintiff's rights, or for which he is liable as you have been instructed. Thus, a defendant whom you find to have violated the plaintiff's rights is not necessarily liable for all of plaintiff's claims nor even indeed the damages he has proven. An act is a proximate cause of particular damage if it is a substantial factor in bringing about that particular damage. Damages are proximately caused by or are the direct consequence of acts which are in their natural and continuous

BMF04184

16

sequence, unbroken by a new, independent cause, produced or brought about such damages. If an act is of no consequence, or is so trivial as to be a mere incident of the ensuing damage, then the act would not have been a substantial factor of the damage and not of a proximate cause.

With regard to damages, the same burden of proof rests upon the plaintiff to prove her claims of damages by a fair preponderance of the evidence. Before she can recover based upon any one of his claims, plaintiff must prove, by a fair preponderance of the evidence, each element of that claim. plaintiff may thus recover damages only for such of his claims as to which she has proven each element by a fair preponderance of the evidence.

The plaintiff has claimed that the defendants slammed her on the ground and hit her with an object such as a gun. You are not at liberty to guess or infer what the damages are. You must use you best judgment. You may award damages in an amount which fairly, reasonably and justly compensates the plaintiff for damages which were proximately caused by any violation of her rights. Compensatory damages are intended to make a plaintiff whole, that is to fairly, reasonably and justly compensate the plaintiff for any item of damage she has sustained and proven to your satisfaction.

Proof of damages to a mathematical precision is not required. Damages need not be proven with exactitude. An award of damage is to be fair, just and reasonable compensation for all of the plaintiffs damages you find she has proven, no more and

no less.  Compensatory damages are not a punishment and cannot be imposed or increased to penalize the defendant.  Neither can compensatory damages be based on speculation because it is only actual damages - what the law calls compensatory damages - that are recoverable.

There are two kinds of damages you may consider.  The first is compensatory damages, which is the sum of money to compensate the plaintiff for injuries caused by the denial, if such you were to find there was, of their constitutionally protected rights.

Compensatory damages would include actual loss of time or money and the mental and physical aspects of injury - tangible and intangible.  They are an attempt to restore the plaintiff, that is, to make her whole or as she was immediately prior to these injuries.

With respect to damages, plaintiff has the burden of proving:

(a)     what damages or injuries were sustained;

(b)     that the defendant's acts were the legal (proximate) cause of the damages or injuries proven.

Thus, plaintiff may recover fair reasonable and just compensation for only those injuries and elements of damage which she has proven were sustained and were caused by the acts of the defendant who violated the plaintiff's rights.

BMF04184

INSTRUCTION #11

## MULTIPLE DEFENDANTS - COMPENSATORY DAMAGES

I have one more cautionary instruction before I define the types of damages that you may award if you find that the plaintiff has proved liability according to the standards that I have enumerated.

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are two defendants in this case, it does not follow that if one is liable, the other is liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they

are liable, without breaking that figure down into individual percentages.  With respect to punitive damages, you must make separate awards for each defendant that you find liable for punitive damages.

INSTRUCTION #12

## PUNITIVE DAMAGES

The law permits the jury, under circumstances, to award punitive damages in order to punish a wrong doer for some extraordinary misconduct, and to serve as an example or warning for others not to engage in wrongful conduct.  Only if you should find that the plaintiff is entitled to compensatory damages do you consider an award of punitive damages.  Also, you must find that the acts of the defendant which caused actual injury to the plaintiff was done maliciously, wantonly, or oppressively before you may add to the award of compensatory damages such punitive damages as you find proper.

Punitive damages must be assessed on an individual basis and cannot be assessed jointly against co-tortfeasors.[10]

An act or failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is "wantonly" done if done is a reckless or callous disregard of, or indifference to, the rights of one or more persons including the injured person.

---

[10] *McFadden v. Sanchez*, 710 F.2d 987 (2nd Cir. 1983).

An act or failure to act is "oppressively" done if done in a way or manner which injuries, or damages or otherwise harshness or severity, as by misuse or abuse of authority or power, or by taking advantage or some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury. But you should always bear in mind that such punitive damages may be allowed only if you should first award the plaintiff compensatory damages.

And you should also bear in mind the requirement of the law that the amount of punitive damages, when awarded, must be fixed with claim discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

BMF04184

INSTRUCTION #13

## SWORN POLICE OFFICERS - 53a-22

As a sworn police officer, the defendant had the lawful authority, indeed the lawful duty under state law, to detain and investigate or to arrest the plaintiff if she had committed a criminal offense.

The mere fact that the evidence in the case may establish physical contact between the police officer and the plaintiff, which resulted in personal injury to the plaintiff, is not proof that the officer acted beyond his lawful authority under state law.

The officer also had the lawful authority, indeed the lawful duty under state law, to use such reasonable physical force as was reasonably necessary in the performance of his duties to arrest the plaintiff if she committed a crime or attempts escape or presents a potential of harm.

Section 53a-22 of the Connecticut General Statutes provides:

> a peace officer ... is justified in using reasonable physical force upon another person when and to the extend that he reasonably believes it necessary to: (1) Effect an arrest or prevent the escape from custody of a person whom he reasonably believes to have committed an offense . . . (2) or defendant himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape."

So, even if you find from a preponderance of the evidence in the case that the force alleged by the plaintiffs was, in fact, knowingly done by the officers, if you also

BMF04184                                        23

find that it was done for the lawful purpose of effecting an arrest, preventing escape or protecting the officers from potential imminent harm, such conduct of the officers was not beyond the bound of their lawful authority under state law, and so was lawful and justified and not an assault, unless you further find, from a preponderance of the evidence in the case, that the officer used more or greater force on the plaintiff than would have appeared to a reasonable police officer in like circumstances to be necessary in order to effect an arrest, prevent escape or protect them and take plaintiff into custody.

BMF04184

INSTRUCTION #14

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff has claimed the defendants caused an intentional infliction of emotional distress.

In order to succeed on a claim of intentional infliction of emotional distress, the plaintiff must prove that the defendants:  (1) intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of his/her conduct;  (2) that the conduct was extreme and outrageous;  (3) that the conduct was the cause of the plaintiff's distress;  and (4) the emotional distress sustained by the plaintiff was severe. [11]

Liability can be found only where the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.[12]

---

[11] *Petyon v. Ellis*, 200 Conn. 253, 253 (1986);  *DeLaurentis v. City of New Haven*, 200 Conn. 225, 226-27 (1991)
[12] Restate (Second) Torts 4, comment (d).

BMF04184                              25

THE DEFENDANTS,


BY: _Barbara B. Massaro_
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street, 2nd Floor
Bridgeport, CT 06604
Phone #203/576-7647
Fed. Bar #05746


## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 8th day of December, 2004, to:

**E. Gregory Cerritelli, Esq.**
**7 Elm Street, Suite 2L**
**New Haven, CT 06610**


_Barbara B. Massaro_
Barbara Brazzel-Massaro
Commissioner of the Superior Court