UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAY -9 P 4:56

| | | |
|---|---|---|
| MARIA FLORES, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:02CV1970(DFM) |
| MARK STRAUBEL AND RAYMOND LONG, | : | |
| Defendant. | : | |

PRETRIAL ORDER

Pursuant to a pretrial conference held on May 6, 2005 at which the plaintiff was represented by Attorney Cerritelli and the defendants were represented by Attorney Brazzel-Massaro, it is hereby ORDERED that:

(1) Jury selection shall be held on July 26, 2005 at 10:00 a.m. Presentation of the evidence will begin on August 24, 2005.

(2) Counsel estimate that the trial will require 3 trial days. Accordingly, the court has set aside August 24, 2005 to August 26, 2005 for trial.

During the trial, the court will attempt to adhere to following daily schedule:

| | |
|---|---|
| 9:30 a.m.: | All trial participants in the courtroom ready to proceed. Court will hear any necessary legal arguments. |
| 10:00 a.m.: | Presentation of evidence begins |
| 11:15 a.m.: | Morning recess |
| 11:30 a.m.: | Trial resumes |

      1:00 p.m.:     Luncheon recess

      2:00 p.m.:     Trial resumes

      3:30 p.m.:     Afternoon recess

      3:45 p.m.:     Trial resumes

      5:00 p.m.:     Court adjourns

(3) The final pretrial conference shall be held in the chambers of the undersigned on August 23, 2005 at 10:00 a.m. Counsel who will try the case must attend jury selection and the final pretrial conference unless excused by the court.

(4) By July 8, 2005, the parties shall file a Supplemental Joint Trial Memorandum. Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case. The Supplemental Joint Trial Memorandum shall include:

    a. <u>Witnesses</u>: Set forth the name and address of each witness to be called at trial along with a brief summary of the anticipated testimony of each witness and an estimate of the possible duration of the testimony. For any expert witness, each party shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection and its grounds shall be set forth so that the objection can be addressed prior to trial.

b. <u>Exhibits</u>: Each party shall list in the Supplemental Joint Trial Memorandum the exhibits it intends to offer at trial. The plaintiff's exhibits and the defendant's exhibits shall be listed separately. A brief description of the exhibit shall be included. The list shall indicate whether the parties agree that the exhibit may be admitted as evidence. If there is an objection to an exhibit, the proponent of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

The parties shall exchange exhibits at least 10 days prior to the final pretrial conference. At least 5 days prior to the final pretrial conference, each party shall submit to the court an exhibit list. The exhibit list shall denote the exhibit number, a brief description of the exhibit and shall indicate whether the parties agree that a particular exhibit should be admitted as evidence without objection. Two courtesy copies of the exhibit list shall be provided to the court and one copy shall be delivered to the courtroom deputy clerk. **Prior to the final pretrial conference, each party shall mark its exhibits with exhibit stickers (which are available upon request from the courtroom deputy clerk).** All exhibits shall be marked numerically and say "Plaintiff" or "Defendant." If there is more than one plaintiff or

defendant, the exhibits shall identify the party offering the exhibit (e.g., Defendant Smith, Exhibit #1). If the same exhibit is offered by more than one party, the parties shall mark only one of the exhibit by placing their respective exhibit stickers on the one exhibit (e.g., two exhibit stickers on one document: Plaintiff Jones, Exhibit #2; Defendant Smith Exhibit #5). The parties shall bring a copy of their exhibits to the final pretrial conference along with a copy of their exhibit list. Each party shall prepare *two* courtesy copies of its documentary exhibits for the court's use during the hearing. The courtesy copies shall be arranged in order in a notebook with tabs bearing the exhibit number.[1] Counsel shall retain the original set of exhibits until the beginning of trial.

    c.   <u>Requests for Jury Instructions</u>: The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions. The proposed jury instructions should encompass all applicable rules of law. Citations to rules and authority should be provided in footnotes. If the parties cannot agree on a particular instruction, each party submit a proposed instruction in the joint filing, noting which party has proposed the instruction, along with a brief explanation of its position and citation to applicable authority. The parties are not required to submit

---

[1] Counsel is advised to contact chambers closer to the date of trial to ascertain whether the trial will be conducted in the electronic courtroom, in which event counsel may decide not to utilize copies of exhibits for jurors. The court will still require two copies of the exhibits for its use.

4

instructions on general issues such as role of the court, role of the jury, witness credibility, etc. Counsel shall submit to chambers a courtesy copy of the proposed jury instructions.

       d.    <u>Anticipated Evidentiary Problems</u>: Any party who elects to file a motion <u>in limine</u> shall file the motion and supporting memorandum of law by no later than July 8, 2005.

       e.    <u>Special Verdict Form or Interrogatories</u>: In jury cases, the parties shall submit as an exhibit to the Joint Trial Memorandum a proposed verdict form suitable for submission to the jury. The form may require the jury to return a special verdict with special findings as permitted by Rule 49(a) or a general verdict with or without written interrogatories as permitted by Rule 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for its objection and provide an alternative proposal.

The parties shall also submit jointly prepared proposed interrogatories for submission to the jury on key factual disputes, the responses to which will be used by the court in determining the issue of qualified immunity. <u>Cowan ex rel. Estate of Cooper v. Breen</u>, 352 F.3d 756, 764 (2d Cir. 2003).

(5) The dates set forth in this order may not be changed except by further order of the court pursuant to a written motion demonstrating good cause filed not later than five days before the date in question.

(6) A courtesy copy of the parties' Supplemental Joint Trial

Memorandum shall be submitted to chambers on the day that it is filed.

SO ORDERED this 9th day of May, 2005 at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge