FILED

2005 JUN 24  A 11: 00

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA FLORES, plaintiff | : | NO. 3:02CV1970(RNC) |
| VS | : | |
| MARK STRAUBEL AND RAYMOND LONG defendants | : | JUNE 24, 2005 |

### PLAINTIFF'S SUPPLEMENTAL PROPSED JURY INSTRUCTIONS

Pursuant to the Court's Order dated May 6, 2005 and the United State's District Court, District of Connecticut, Standing Order regarding Trial Memoranda in Civil Cases the plaintiff, Maria Flores, respectfully submits the following Supplemental Proposed Jury Instructions:

1. Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully. When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a

KNIGHT, CONWAY & CERRITELLI, L.L.C. • ATTORNEYS AT LAW
7 ELM ST., 2ND FLR LEFT • NEW HAVEN, CONNECTICUT 06510 • (203) 624-6115 • FAX (203) 624-4791

consciousness of wrongdoing. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury. A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

2.  The plaintiff asks to be awarded damages for physical injuries which she alleges were inflicted upon her by the defendants. She bases her claim upon what is ordinarily spoken of as an assault. Without bothering you with certain technical aspects of the law involved in this issue, I shall use the word "assault" in the meaning usually given to it by nonlawyers. So used, an

assault may be defined as an unlawful application of force or violence to the person of another. That definition involves two elements: Force or violence must be applied to the person of another, and as to this element I need only to add that it does not matter, as far as the liability of a defendants are concerned, how little or how great was that force or violence, although, if you find that either defendant did commit an assault, the amount of damages you can properly determine to be due the plaintiff would vary with the extent and nature of the force applied. The other element involved in the offense alleged by the plaintiff is that the application of the force or violence must be unlawful. It is not necessary that the defendant or defendants have intended to injure the plaintiff and it is not necessary that the assault be intentional or even reckless. It is sufficient if the assault was the result of negligence, that is to say, the failure of the defendants to use the care which a person of ordinary prudence would use under the circumstances. The assault, however, must have been unlawful, that is, a touching of the plaintiff which the defendants had no right to do. Lentine v. McAvoy, 105 Conn. 528, 531 (1927); Morris v. Platt, 32 Conn. 75, 87 (1864); Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) §400.]

3. A person, even if he or she is being lawfully arrested, has a constitutional right to have that arrest made in a reasonable manner. A police officer is not allowed to behave unreasonably when making even a lawful arrest. The officer may take only such steps and use only such procedures as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charges and under the particular circumstances presented by this case. A police officer may do no more than that. A single poke and push during a traffic stop can be unreasonable under the Fourth Amendment. Similarly, rough treatment by an officer, or and officer dragging an arrestee by the arm has been deemed unreasonable. The fact that the officer directed verbal abuse at the arrestee while applying force is relevant to the determination of whether the force was unreasonable.

In determining whether a defendant police officer has acted unreasonably in the course of making an otherwise lawful arrest, you should consider all of the facts which you find to have been proven in the case, including the need if any for undertaking the particular procedures that were involved and the relationship between those procedures and the extent of the injury which was inflicted upon the plaintiff by the officers. Bear in mind that the extent of the injury inflicted is not a necessary element of an

unreasonable force action. If you find that the defendants or any of them acted unreasonably, then you must find for the plaintiff on this claim. Franklin v. City of Chicago, 102 F.R.D. 944 (N.D. Ill. 1984); Bauer v. Norris, 713 F.2d 408, 410-13 (8th Cir. 1983); LaLonde v. County of Riverside, 204 F.3d 947, 960 (9th Cir. 2000); Alexander v. County of Los Angeles, 64 F.3d 1315 (9th Cir. 1995); Palmer v. Sanderson, 9 F.3d 1433 (9th Cir. 1993); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Heitschmidt v. City of Houston, 161 F.3d 834 (5th Cir. 1998); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); Armao v. American Honda Motor Co., 917 F. Supp. 142, 144 (D. Conn. 1966); Ikerd v. Blair, 101 F.3d 430 (5th Cir. 1996); Bass v. Robinson, 167 F.3d 1041, 1046 n. 1 (6th Cir. 1999); Alexis v. McDonald's Restaurants of Massachusetts, 67 F.3d 341 (1st Cir. 1995); Brown v. City of Hialeah, 30 F.3d 1433 (11th Cir. 1994).

4. If you find that one or both of the defendants did violate the plaintiff's constitutional rights, you must then consider the special defense of qualified immunity. As a general rule, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights. In this case, the right of the citizens to be free from excessive force from police officers is clearly established under

the Fourth Amendment, and it was clearly established at the time of the incident giving rise to this lawsuit. Thus, the first basis of the qualified immunity defense is not available to the defendants.

On the second ground, a defendant is entitled to qualified immunity if he proves that, at the time of the unlawful actions, a reasonable person in his position would not have understood that his actions constituted a violation of the plaintiff's constitutional rights.  The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity.  Nor is the fact that the defendant himself was unaware of the federal law.  The defendants are entitled to qualified immunity only if the defendants did not know that what they did was in violation of federal law and if an objective, reasonable official in the defendants' situation would not have believed that the defendants' conduct was unlawful.  In other words, this test can also be met if officers of reasonable competence could disagree as to whether the actions the defendants took were reasonable.

In deciding what a reasonable officer would have known about the legality of a defendant's conduct, you may consider the nature of that defendant's duties, the character of his or her position, the information which was known to the defendant or not known to the him, and the events which confronted him.  You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff.  You may also use your common sense.  If you find that a reasonable official in the defendant's situation would believe his conduct to be lawful or that officers of reasonable competence could disagree on the legality of the defendant's actions, then this element will be satisfied.

Just as the plaintiff has the burden of proving each element of her claim by a preponderance of the evidence, each defendant has the burden of proving by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law.  If either defendant convinces you by a preponderance of the evidence that a reasonable officer

would not have known his actions violated federal law, or of a defendant proves that officers of reasonable competence could disagree as to whether the actions taken were reasonable, then you must return a verdict for that defendant, even though you may have previously found that the defendant did in fact violate the plaintiff's right. Graham v Connor, 490 US 386, 109 S. Ct. 1865 (1989), Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); Malley v. Briggs, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 1097-98, 89 L.Ed.2d 271 (1986).

Respectfully submitted:

E. Gregory Cerritelli
Federal Bar No. Ct20784
7 Elm Street
New Haven, CT 06510
Plaintiff's Attorney

## CERTIFICATION OF SERVICE

This is to certify that the foregoing has been mailed on the above date to:

Attorney Barbara Brazzel-Massaro
Assistant Corporation Counsel
City of Bridgeport
999 Broad Street, 2nd floor
Bridgeport, CT 06604

_____
E. Gregory Cerritelli